**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000454
23-DEC-2024
07:51 AM
Dkt. 101 SO**

NO. CAAP-21-00000454
(CONSOLIDATED WITH NO. CAAP-22-0000549)

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


D.L., Plaintiff-Appellant, v.
C.L., Defendant-Appellee

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-D NO. 16-1-1014)


SUMMARY DISPOSITION ORDER
(By: Leonard, Acting C.J., and Wadsworth and Nakasone, JJ.)

These consolidated appeals arise out of post-divorce proceedings between Plaintiff-Appellant D.L. (**Father**) and Defendant-Appellee C.L. (**Mother**). In CAAP-21-0000454, Father appeals from the July 7, 2021 "Order Re: January 22, 2021 Further Evidentiary Hearing Pursuant to ICA's Memorandum Opinion, Filed February 24, 2020," entered by the Family Court of the First Circuit (**Family Court**). In CAAP-22-0000549, Father appeals from the August 15, 2022 "Amended Findings of Fact, Conclusions of Law and Order" (**Amended Jurisdiction Order**), entered by the Family Court.

In CAAP-21-0000454, Father contends that the Family Court erred in denying his request for attorneys' fees. In CAAP-22-0000549, Father contends that the Family Court lacked jurisdiction to enter the Amended Jurisdiction Order, and "erred in declining to exercise its exclusive, continuing jurisdiction 'over this matter' and by relinquishing jurisdiction over the 'matter' . . . to the State of Arizona."

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Father's contentions as follows.

## I.  Background

We have been here before.  See CAAP-18-0000704, CAAP-18-0000630, CAAP-18-0000536, CAAP-18-0000211, CAAP-18-0000877, CAAP-19-0000023, and CAAP-20-0000593.

For purposes of the current appeals, we note the following relevant background:

### A.  CAAP-21-0000454

On October 23, 2018, Father filed a post-decree motion, asking the Family Court to modify his monthly child support obligation in light of Mother's additional income from her new job, and considering the cost of living in Arizona, where Mother had relocated with the parties' children (**Children**); award Father child support for January through June, 2018, when he had cared for the Children; and award Father attorneys' fees incurred to bring the motion (**Child Support Motion**).

On December 6, 2018, the Family Court entered an order (**Child Support Order**), providing:

> 1.    [Father]'s request for an order modifying child
>        support is GRANTED and . . . [Father]'s monthly child
>        support obligation is $753.00 per child totaling
>        $1,506.00 per month commencing August 1, 2018;
>
> 2.    [Father]'s request for an order awarding child support
>        in the amount of $3,912.00 per month for the period of
>        January 1, 2018 through June 30, 2018 is DENIED; and
>
> 3.    [Father]'s request for an order awarding attorney fees
>        is DENIED.

Father appealed from the Child Support Order, creating CAAP-19-0000023.

On February 24, 2020, this court entered a Memorandum Opinion in CAAP-19-0000023, ruling that the Family Court erred by summarily denying Father's request for child support from Mother for relevant periods of 2018, and by improperly calculating Father's modified monthly child-support obligation.  See DL v.

CL, No. CAAP-19-0000023, 2020 WL 888335, at *8-9 (Haw. App. Feb. 24, 2020). We further ruled: "[B]ecause we have concluded that the Family Court's assessment of the merits of the parties with respect to [Father's Child Support Motion] was significantly flawed, we cannot conclude that the Family Court's denial of attorney's fees to [Father] did not constitute an abuse of discretion." Id. at *10. We vacated the Child Support Order and remanded the case for proceedings consistent with the opinion.

On July 7, 2021, on remand, the Family Court entered an order granting in part and denying in part the Child Support Motion (**Second Child Support Order**). The order provided in relevant part:

> Based on the state of the evidence, the Court orders that [Father's Child Support Motion] is Granted as to a modification of the child support for the period of January 2018 to June 2018, and further orders that [Father] is entitled to reimbursement of proven child support payments to [Mother] for the period of January 2018 to June 2018. [Father] shall prepare an order consistent with this order.
>
> . . . .
>
> . . . In considering the economic condition of each party, the burdens imposed upon the parties for the benefit of the Minor Children and other considerations, the Court orders that [Father's] requested attorney fees is [sic] denied. See section 580-47(f) of the Hawaii Revised Statutes.

(Emphasis added.)

On August 5, 2021, Father filed a notice of appeal from the Second Child Support Order, creating CAAP-21-0000454.

On September 13, 2021, the Family Court ordered the parties, pursuant to Hawaiʻi Family Court Rules (**HFCR**) Rule 52, to submit proposed findings of fact and conclusions of law.

Pursuant to the Second Child Support Order, Father submitted "an order consistent with th[at] order[,]" titled "Order on Remand," which the Family Court entered on November 17, 2021. The Order on Remand provided in part:

> 1. For the year 2018, [Mother] owed to [Father] child support in the $13,681, [sic] receipt of which is acknowledged by [Father].
>
> 2. Beginning January 2019, [Father]'s monthly child support obligation is $800 per month and shall continue at that rate unless modified as permitted by law and so long as child support is payable by [Father].

3

> 3. In light of [Mother]'s obligation for 2018 and [Father]'s obligation to be given effect as of January 1, 2019, the parties agree that [Father] overpaid $22,849 to [Mother].
>
> 4. Beginning February 1, 2021, [Father] has a credit of $22,849 toward his future child support obligation. At his election, [Father] may apply the credit toward satisfying any other financial obligation that he may owe [Mother] from time to time.

By operation of Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 4(a)(2), Father's notice of appeal is deemed to have been filed immediately after entry of the Order on Remand.

On November 24, 2021, pursuant to HFCR Rule 52, the Family Court entered its "Findings of Fact and Conclusions of Law Re: Appeal No. CAAP-21-0000454" (**FOFs/COLs**).

**B. CAAP-22-0000549**

On September 3, 2020, the Family Court entered the "Order Re: Joint Evidentiary Hearing of August 28, 2020" (**Order Declining Jurisdiction**), which concluded in part that the "State Of Hawaii declines and relinquishes jurisdiction over this matter to the State Of Arizona with the exception of the State Of Hawaii having to address certain issues for final disposition as had been directed by the Hawaii Appellate Courts." (Footnote omitted.)

On October 2, 2020, Father filed a notice of appeal from the Order Declining Jurisdiction, creating CAAP-20-0000593.

On February 28, 2022, this court entered a Memorandum Opinion in CAAP-20-0000593 vacating the Order Declining Jurisdiction on the basis that we "cannot properly determine whether the Family Court abused its discretion in declining to exercise jurisdiction 'over this matter[,]'" and remanding the case for further findings supporting the court's decision to relinquish jurisdiction to the Arizona court. DL v. CL, No. CAAP-20-0000593, 2022 WL 591822, at *7 (Haw. App. Feb. 28, 2022). On August 1, 2022, this court entered its Judgment on Appeal.

On August 15, 2022, on remand, the Family Court entered the Amended Jurisdiction Order in which it, again, declined to exercise jurisdiction "over this matter" and relinquished jurisdiction to the State of Arizona "with the exception of the

State Of Hawaii Courts having to address any pending appealed matters."

On September 14, 2022, Father filed a notice of appeal from the Amended Jurisdiction Order, creating this appeal.[1/]

## II.  Discussion

### A.  CAAP-21-0000454

Father contends that the Family Court erred in denying his request for attorneys' fees in bringing the Child Support Motion.  He argues in part that the Second Child Support Order, which denied Father's request for attorneys' fees, is irreconcilable with the Family Court's later FOFs/COLs, which "*entirely support* [Father's] claim to fees . . . ."

HRS § 580-47(f) (2018) states, in relevant part:

> The court hearing any motion for orders either revising an order for the custody, support, maintenance, and education of the children of the parties . . . , may make such orders requiring either party to pay or contribute to the payment of attorney's fees, costs, and expenses of the other party relating to such motion and hearing as shall appear just and equitable after consideration of the respective merits of the parties, the relative abilities of the parties, the economic condition of each party at the time of the hearing, the burdens imposed upon either party for the benefit of the children of the parties, the concealment of or failure to disclose income or an asset, . . . and all other circumstances of the case.

Here, the Second Child Support Order denied Father's request for attorneys' fees based on "the economic condition of each party, the burdens imposed upon the parties for the benefit of the Minor Children and other considerations," *i.e.*, at least two of the factors stated in HRS § 580-47(f).  Nevertheless, in COLs 2 through 13, the Family Court concluded that several section 580-47(f) factors <u>supported</u> an award of attorneys' fees to Father.  These included:  (1) "[t]he significant results obtained by [Father] demonstrat[ing] the merits of his position"; (2) "[Mother's] conduct in failing to disclose all of her income, or, at a minimum, presenting a misleading picture as to her

---

[1/]    Because these appeals arise from the same civil proceedings, involve the same parties, and are sufficiently related, on July 5, 2023, we entered an order consolidating CAAP-21-0000454 and CAAP-22-0000549 under CAAP-21-0000454.

actual financial situation and expected income"; (3) "[Mother's] significantly superior financial position, both at the time of the December 2018 hearing and currently"; (4) "[Mother's] failure to follow through with [certain] assurances, [causing Father to] expend[] considerable resources . . . in order to maintain a relationship with the Children, for the benefit of the Children" and (5) "[Mother's] increasingly aggressive litigation initiated in Arizona, . . . where [Father] is required to retain counsel . . . at significant expense . . . [which] increases the burdens imposed on [Father] for the benefit of the Children . . . ."[2/]

The Second Child Support Order and COLs 2 through 11 are flatly contradictory as to Father's request for attorneys' fees. Indeed, we cannot reconcile them; we cannot even be sure how the Family Court ultimately intended to resolve Father's request. We can only say that to the extent the Second Child Support Order denied Father's fee request, that decision is not supported by the court's later COLs. As a result, we again cannot conclude that the Family Court's denial of attorneys' fees to Father did not constitute an abuse of discretion. The Family Court is instructed on remand to make clear whether it is granting or denying in whole or in part Father's request for attorneys' fees, in light of the factors set forth in HRS § 580-47(f), and to enter appropriate findings of fact and conclusions of law supporting its decision.

## B.  CAAP-22-0000549

Father contends in part that the Family Court lacked jurisdiction to enter the Amended Jurisdiction Order, following this court's remand in CAAP-20-0000593. This contention is dispositive as to the current appeal in CAAP-22-0000549.

This court entered its Judgment on Appeal in CAAP-20-0000593 on August 1, 2022. Although no application for writ of certiorari was ultimately filed, on August 26, 2022, Father

---

[2/]  Father contends that "[i]nsofar as the family court's findings are in [his] favor, they are not challenged on appeal." However, Mother disputes the substance of the Family Court's analysis of the section 580-47(f) factors at pages 7 through 10 of her answering brief – albeit without any citations to the record. See HRAP Rule 28(b)(7) and (c).

sought and received an extension of time to seek certiorari review up to and including September 30, 2022, pursuant to HRAP Rule 40.1(a).  Pursuant to HRAP Rule 36(c)(1),[3/] this court's judgment became effective "upon the expiration of the extension," i.e., October 1, 2022.

"[T]he intermediate court of appeals' judgment cannot be effective and jurisdiction cannot revert to the court . . . from which appeal was taken until the time for filing the application [for a writ of certiorari] has expired . . . ." Commentary to HRAP Rule 41 (emphasis added); see State v. Carlton, 146 Hawaiʻi 16, 23-24, 455 P.3d 356, 363-64 (2019) (quoting and applying the Commentary to HRAP Rule 41).  Thus, until this court's judgment became effective, the Family Court did not have jurisdiction to act on our remand instructions in CAAP-20-0000593.  See Carlton, 146 Hawaiʻi at 24, 455 P.3d at 364 (holding that, pursuant to the Commentary to HRAP Rule 41, "until the judgment on appeal becomes effective, the lower court does not have the power to exercise authority over a case in order to schedule further proceedings").  Accordingly, the Family Court did not have jurisdiction to enter the Amended Jurisdiction Order.

In light of this conclusion, we do not reach Father's remaining arguments about the Amended Jurisdiction Order.

### III.  Conclusion

For the reasons discussed above:

(1) in CAAP-21-0000454, we vacate the Family Court's July 7, 2021 "Order Re: January 22, 2021 Further Evidentiary

---

[3/]    HRAP Rule 36(c)(1) provides, in relevant part:

(c) *Effective date of intermediate court of appeals' judgment.*  The intermediate court of appeals' judgment is effective as follows:

(1) if no application for writ of certiorri is filed,

(A) upon the thirty-first day after entry or

(B) where the time for filing an application for a writ of certiorari is extended in accordance with Rule 40.1(a) of these rules, upon the expiration of the extension[.]

Hearing Pursuant to ICA's Memorandum Opinion, Filed February 24, 2020" with respect to Father's request for attorney's fees;

(2) in CAAP-22-0000549, we vacate the Family Court's August 15, 2022 "Amended Findings of Fact, Conclusions of Law and Order"; and

(3) we remand this case to the Family Court for further proceedings consistent with this Summary Disposition Order.

DATED:  Honolulu, Hawaiʻi, December 23, 2024.


On the briefs:

Philip J. Leas
(Cades Schutte LLP)
for Plaintiff-Appellant.

C.L., aka C.W.,
Self-represented Defendant-
Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge


/s/ Clyde J. Wadsworth
Associate Judge


/s/ Karen T. Nakasone
Associate Judge